# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1479 | **DATE** | 8/14/2003 |
| **CASE TITLE** | Meyer Medical Physicians Group, Ltd vs. Health Care Service Corporation | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: The bankruptcy court's judgment is AFFIRMED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | AUG 1 5 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 12 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAP | courtroom deputy's initials | 03 AUG 14 PM 4:26 | date mailed notice | | |
| | | FILED FOR DOCKETING | | | |
| | | Date/Time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT **F I L E D**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 1 4 2003

In re: MEYER MEDICAL
PHYSICIANS GROUP, LTD.,

**JUDGE HARRY D. LEINENWEBER**
**U.S. DISTRICT COURT JUDGE**

Debtor-Appellant,

v.

Case No. 03 C 1479
Bankruptcy No. 02 B 18237

HEALTH CARE SERVICE
CORPORATION d/b/a HMO
ILLINOIS,

Hon. Harry D. Leinenweber

**DOCKETED**

Creditor-Appellee.

AUG 1 5 2003

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on appeal from the United
States Bankruptcy Court for the Northern District of Illinois.
Debtor-Appellant Meyer Medical Physicians Group, Ltd. ("Meyer")
appeals from the bankruptcy court's February 6, 2003 order granting
Creditor-Appellee Health Care Service Corporation d/b/a HMO
Illinois's ("HMOI") motion to effectuate a setoff pursuant to
Section 553(a) of the Bankruptcy Code, 11 U.S.C. § 553. For the
following reasons, the decision of the bankruptcy court is
affirmed.

## I. BACKGROUND

In November 2000, the parties entered into a Medical Services
Agreement (the "2001 MSA") for the upcoming year, under which Meyer
provided physician services to HMOI enrollees in return for a set
prepayment per month. The 2001 MSA was a continuation of previous
agreements conducted under similar terms. Under the agreement,

Meyer was responsible for paying for services provided by third-party specialist physicians.

After Meyer fell behind in its payments for these specialist claims, HMOI agreed, in a January 2001 amendment to the 2001 MSA (the "January Amendment"), to loan Meyer up to $2,000,000. The sides dispute the purpose of the loan. Meyer claims that the loan was only designed to provide it with funds to repay specialists' claims, while HMOI contends that the January Amendment contained no such limitation. The text of the Amendment itself contains no language restricting the use of the loan to the payment of specialist claims. The January Amendment required Meyer to repay the loan at the rate of $100,000 per month beginning in March 2001. Meyer began its payments as scheduled and continued to make payments until it filed its voluntary petition under Chapter 11 of the Bankruptcy Code. In total, Meyer repaid at least $1,500,000 from March 2001 until payments stopped in May 2002.

The parties agreed to another amendment to the 2001 MSA in December 2001, which provided a repayment schedule for Meyer's aggregate debt to HMOI. As part of this amendment, Meyer acknowledged that its total debt to HMOI, including debt from prior MSAs, was in excess of $4.5 million, and agreed to repay this amount at the rate of $200,000 per month.

On May 8, 2002, Meyer filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the

Northern District of Illinois. Around June 30, 2002, HMOI calculated that it owed Meyer $1,299,927.68 for services rendered under the 2001 MSA between January 1, 2001 and December 31, 2001. HMOI subsequently moved to modify the automatic stay to effectuate a setoff of Meyer's total debt against the funds it owed Meyer under the 2001 MSA.

On February 6, 2003, the bankruptcy court granted HMOI's motion to modify the automatic stay. It found that the obligations between the parties were mutual and that principles of equity did not foreclose application of a setoff. Without determining the specific amount Meyer owed, the bankruptcy court also found that Meyer owed HMOI more than HMOI owed Meyer. On February 14, 2003, Meyer timely filed this appeal.

## II. DISCUSSION

### A. Standard of Review

A bankruptcy court's decision to grant relief from an automatic stay is reviewed for abuse of discretion. *See Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 916 (7th Cir. 2003). As the determination of whether a party has the right to setoff lies "within the discretionary control of the district court," *In Re Rosenbaum Grain Corp.*, 103 F.2d 656, 658 (7th Cir. 1939), the Court reviews the bankruptcy court's decision for abuse of discretion. *See, e.g., Riggs v. Gov't Employees Fin. Corp.*, 623 F.2d 68, 73-74 (9th Cir. 1980). Finally, the bankruptcy court's finding that

Meyer owed HMOI more than HMOI owed Meyer is a factual finding, which the Court reviews for clear error. FED. R. BANKR. P. 8013; *In Re Morris*, 223 F.3d 548, 552 (7th Cir. 2000).

## B. Mutuality

With certain exceptions, the right of setoff is preserved in bankruptcy when two parties owe each other valid, mutual, prepetition debts. 11 U.S.C. § 553(a). The parties only dispute the presence of mutuality. Meyer claims that setoff is inappropriate because the obligations are owed in different capacities; one obligation is owed in the capacity of a lender/borrower relationship while the other obligation is owed in the capacity of a provider/reimburser relationship. Aside from questioning the mutuality of the parties' obligations, Meyer also contends that the mutuality requirement is not satisfied because the debts in question exist as part of a tripartite relationship. The Court addresses each of these claims in turn.

Generally, "mutuality is satisfied when the offsetting obligations are held by the same parties in the same capacity (that is, as obligor and obligee) and are valid and enforceable, and (if the issue arises in bankruptcy) . . . even if they arose at different times out of different transactions." *In Re Doctors Hosp. of Hyde Park, Inc.*, No. 02-3254, 2003 WL 21730747, at *3 (7th Cir. July 28, 2003). Furthermore, "the test of mutuality is not an examination of whether the obligations are similar, but whether an

obligation is owed by each side." *In Re Stall*, 125 B.R. 754, 757 (Bankr. S.D. Ohio 1991). The parties in this case held mutual obligations in the same capacity, as obligor and obligee. Whether or not the January Amendment could be construed as part of a different transaction than the 2001 MSA, as Meyer asserts, does not affect HMOI's right of setoff if the other requirements needed to exercise this right are met. *See In Re Doctors Hosp. of Hyde Park,* 2003 WL 21730747, at *3. The Court finds that the Bankruptcy Court correctly held that HMOI's status as a lender for one obligation and a provider of healthcare services for the other was not relevant in determining whether the mutuality requirement was satisfied.

Meyer next contends that the obligations in question lacked mutuality because they grew out of a tripartite relationship with HMOI and medical specialists. When, for example, A owes a debt to B, and B owes a debt to C, A may not setoff the amount it owes to B against B's debt to C. *See, e.g., In Re Lakeside Community Hosp., Inc.*, 151 B.R. 887 (N.D. Ill. 1993). Neither the record nor the text of the January Amendment supports Meyer's claim that the sole purpose of that amendment was to assist Meyer in paying specialist claims. The record certainly does not support Meyer's attempt to characterize its obligation to HMOI as the kind of three party relationship found in *In Re Lakeside* and its brethren. Meyer owes HMOI money arising out of the January Amendment and prior

agreements, and HMOI owes Meyer money for services Meyer performed under the 2001 MSA for the 2001 calendar year. As the bankruptcy court correctly concluded, there is no tripartite relationship as far as the obligation between HMOI and Meyer is concerned. The Court finds these obligations meet the mutuality requirement under § 553(a).

## C. Equity

Meyer contends that even if the requirements for setoff under § 553(a) are met, considerations of equity (in particular, fairness to other creditors) should prevent its application in this case. Meyer makes two claims under the umbrella of equity. First, it claims that HMOI sought to manipulate the Bankruptcy Code and place itself in a more favorable position than other creditors by agreeing to lend Meyer funds in the January Amendment. Inequitable conduct of a party may justify loss of the right of setoff. *In Re Cascade Roads, Inc.*, 34 F.3d 756, 762-66 (9th Cir. 1994). However, although the potential for abuse of the Bankruptcy Code exists, courts generally frown on denying setoff when a bank or other creditor injects funds into a struggling entity, as this "would precipitate bankruptcy and so interfere with the course of business as to produce evils of serious and far-reaching consequence." *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 529 n.5 (1913). Moreover, avoidance of the inequity of preferential treatment toward one creditor resulting from a permissible setoff under

§ 553(a) is not, on its own, a ground for denial of the right of setoff. *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998). Second, Meyer claims that HMOI's act of withholding the $1,299,927.68 it owed Meyer under the 2001 MSA was evidence of HMOI's intent to effectuate an intentional setoff in violation of the automatic stay. A party that temporarily refuses to pay a debt while seeking relief from an automatic stay under 11 U.S.C. § 362(d), however, does not effectuate a setoff. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 19 (1995). The exercise of a right of setoff requires "an intent permanently to settle accounts" in order to violate § 362(a)(7). *Id.* Meyer points to no evidence, and indeed the record fails to show, that HMOI had any intent to act permanently. There is nothing in the record that suggests that HMOI engaged in inequitable conduct when it loaned Meyer funds under the January Amendment. Therefore, the Court finds that the bankruptcy court ruled correctly when it stated that considerations of equity did not preclude exercise of a setoff.

### D. Accuracy of Amount of Setoff

Finally, Meyer contends that the amount of the setoff granted by the bankruptcy court does not accurately reflect the amount of prepetition debt owed by Meyer to HMOI. The Court reviews the bankruptcy court's factual finding for clear error. *In Re Morris*, 223 F.3d at 552. HMOI claims that Meyer repaid $3,200,000 of its total debt of more than $4,500,000, leaving a debt of $1,347,190.17

at the time Meyer filed its petition in May 2002. Meyer offers nothing to rebut this claim, save its assertion that it did not have enough time to review its records to determine the accuracy of that amount. Absent evidence suggesting that the bankruptcy court's finding was clearly erroneous, or that the amount of time Meyer had to respond was inadequate, the Court upholds the finding that Meyer owed more to HMOI than HMOI owed to Meyer.

HMOI argues that if the Court should find that it was not entitled to setoff, it would be entitled to exercise its right of recoupment and to withhold the debt it owes to Meyer under the 2001 MSA. Because the Court finds that HMOI was entitled to modify the automatic stay to exercise its right to setoff, it sees no need to discuss this issue.

## CONCLUSION

For the reasons set forth above, the bankruptcy court's judgment is **AFFIRMED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: *August 14, 2003*

# United States District Court
## Northern District of Illinois
### Eastern Division

Meyer Medical Physicians Group, Ltd          **JUDGMENT IN A CIVIL CASE**

v.                                        Case Number: 03 C 1479

Health Care Service Corporation

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the bankruptcy court's judgment is AFFIRMED.

Michael W. Dobbins, Clerk of Court

Date: 8/14/2003

Wanda Parker, Deputy Clerk